UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ALFONSO SALINAS, ) | |
| plaintiff ) | |
| ) | |
| v. ) | Civil No. _____ |
| ) | |
| COUNTY OF LAKE, INDIANA ) | |
| defendant ) | |

## Complaint

**A.   Preliminary statement**

1. Alfonso Salinas, Sr. (Salinas), the plaintiff, was employed by the County of Lake, Indiana (County), in its Department of Weights and Measures, from approximately May 30, 1994 until his discharge effective August 10, 2018. In this case, Salinas alleges discrimination in violation of the Americans with Disabilities Act (ADA).

**B.   Jurisdiction**

2. Salinas filed a timely charge - Charge No. 470-2019-00195 - with the Equal Employment Opportunity Commission (EEOC), alleging discrimination in violation of ADA, 42 U.S.C. § 12101, et seq. The EEOC issued a "Dismissal and Notice of Rights" (see attached) which was mailed to Salinas on February 14, 2019.

3. In this case, Salinas states a claim based on the ADA and, therefore, this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 2000e-5(f)(1) & (3) and 12117(a).

**C.   Parties**

4. Salinas is a resident of Lake County Indiana.

1

5. Defendant County is an "employer" as defined in the ADA, 42 U.S.C. § 12111(5)(A), and Salinas worked for the defendant in Lake County, Indiana.

**D.     Factual allegations**

6. After nearly 25 years of employment with the County, Salinas received a letter from the Lake County Human Resources Department, signed by Thomas Dabertin, Lake County Human Resources Consultant, dated August 10, 2018, notifying him that "you have been terminated from employment with Lake County effective August 10, 2018." However, another County document, "Employee Termination Record," shows his termination was "Voluntary" and his "Termination Date" is 10-30-2018.

7. Earlier, by letter dated May 18, 2018, Salinas was notified that his "leave request for Family and Medical Leave (FMLA) beginning 4/2/18 and ending 7/2/18" was approved "as allowed under federal law and County policy." This request for a leave was supported by a report from Salinas' physician, Dr. A. Sanchez, dated May 14, 2018.

8. The discharge letter of August 10, 2018 states that the Lake County Human Resources Consultant "spoke personally with your daughter and son and told them that unless we received a request for a leave of absence by August 3, 2018, we would have no other choice but to end your employment." It also states that "[s]ince we have not received any such request, we must inform you that you have been terminated . . . ."

9. By letter dated August 7, 2018, addressed "To Whom if May Concern," the Franciscan Physician Network indicated "Mr. Alfonso Salinas is under medical care and unable to return to work," and a "recommendation for further evaluation is pending," with another appointment scheduled for 8/18/18. A separate document, a Franciscan Physician Network Fax cover sheet

dated 8/7/18, shows 9 pages were sent to "Lake Co. Gov" at 755-3897, Re: Alfonso Salinas, with a reference to FMLA.

10. Subsequently, by letter dated September 4, 2018, Dr. Sanchez released Mr. Salinas to "return to work as of 09/04/18."

11. In a memorandum from Tom Dabertin, dated March 28, 2011 and received in the Department of Weights & Measures on November 18, 2015, under the heading "Extensions to FMLA," Mr. Dabertin states "[e]xtensions to [FMLA] are clearly required by law. . . . [i]f the employee can demonstrate that a short but definitive extension is needed, the [ADA] requires such an extension be granted, as ADA requires employers to provide a reasonable accommodation."

12. Here the required extension, or reasonable accommodation, would have been less than a month, from the date of discharge, August 10, 2018, to the date the plaintiff was released to return to work, September 4, 2018.

### E.   Legal claims

13. The challenged failure to provide a reasonable accommodation violates the ADA, 42 U.S.C. § 12112(b)(5)(A).

### F.   Relief

Wherefore, the plaintiff requests:

a. a declaratory judgment determining that the challenged actions of the defendant violate federal law, as set out in ¶ 13, above;

b. equitable relief including reinstatement, lost wages and benefits, and correction of pension (PERF) benefits;

c. compensatory and punitive damages, in an amount to be determined by the jury;

3

d. costs, including attorney fees, pursuant to 42 U.S.C. § 12205; and

e. pursuant to Rule 54(c), FRCP, all other appropriate relief.

**G.     Jury demand**

Pursuant to Rule 38(b), FRCP, the plaintiff demands trial by jury.

/s/ Ivan E. Bodensteiner
Ivan E. Bodensteiner - #3528-64
Attorney for Plaintiff
7 Napoleon Street
Valparaiso, IN 46383
(219) 242-3058
ieblaw@frontier.com

4



EEOC Form 161 (11/16) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Alfonso Salinas
2106 W. 82nd Place
Merrillville, IN 46410

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2019-00195 | Michelle D. Ware, Enforcement Supervisor | (317) 226-5161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

*Maria Johnson Jr.*
Michelle Eisele,
District Director

February 14, 2019
*(Date Mailed)*

cc: Thomas Dabertin
Lake County Human Resources Consultant
LAKE COUNTY HUMAN RESOURCES DEPARTMENT
2293 North Main Street
Crown Point, IN 46307